UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
IN RE AGAPE LITIGATION

This Document Relates to: All Actions
-------------------------------------------------------------X
-------------------------------------------------------------X
ADRIANNE CLARKE, TL HORIZONS LLC,
MAXIMILIAN ENTERPRISES LLC and EQUITY
TRUST COMPANY CUSTODIAN fbo Adrianne
Clark IRA,

       Plaintiffs,

   -against-

NICHOLAS COSMO, AGAPE WORLD INC.,
AGAPE MERCHANT ADVANCE LLC, AGAPE
WORLD LLC, ANTHONY MASSARO, DAVID
PETRY, HUGO LEON ARIAS, SEBASTIAN
TAUZ, MARTY HARTMANN, SR., MARTY
HARTMANN, JR., ELIZABETH (last name
unknown), LAURIE SAVARESE, ALARON
TRADING CORPORATION d/b/a ALARON
FUTURES & OPTIONS, XYZ CORPS 1-10,
JOHN DOE 1-10, JANE DOE 8A, COMPANY 1,
COMPANY 2, and JOHN DOES 11-200,

       Defendants.
 ------------------------------------------------------------X-
-------------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**

Master File No: 09-CV-1606
(ADS)(AKT)

09-CV-1782 (ADS)(AKT)

**APPEARANCES:**

**Robbins Geller Rudman & Dowd LLP**
Attorneys for the Class Action Plaintiffs
58 South Service Road, Suite 200
Melville, NY 11747
  By: Edward Y. Kroub, Esq.
    Robert M. Rothman, Esq., Of Counsel

**Law Offices of Christopher J. Gray, P.C.**
Attorneys for the Class Action Plaintiffs
460 Park Avenue, 21st floor
New York, NY 10022
  By: Christopher J. Gray, Esq., Of Counsel

**Louis F. Burke P.C.**
Attorneys for the Class Action Plaintiffs
460 Park Avenue, 21st Floor
New York, NY 10022
    By: Louis F. Burke, Esq., Of Counsel

**Zamansky & Associates**
Attorneys for the Class Action Plaintiffs
50 Broadway, 32nd Floor
New York, NY 10004
    By:  Edward H. Glenn, Jr., Esq.
       Jacob H. Zamansky, Esq.
       Kevin Dugald Galbraith, Esq., Of Counsel

**Edward K. Blodnick & Associates, P.C.**
Attorneys for the Clarke Plaintiffs
1205 Franklin Avenue, Suite 110
Garden City, NY 11530
    By: Edward K. Blodnick, Esq., Of Counsel

**Tacopina & Siegel, PC**
Attorneys for Defendant Anthony Massaro
275 Madison Avenue, 35th Floor
New York, NY 10016
    By: Chad D. Siegel, Esq., Of Counsel

**Law Office of Ira S. Newman**
Attorneys for Defendant Sebastian Tauz
98 Cutter Mill Road, Suite 441 South
Great Neck, NY 11021
    By: Ira S. Newman, Esq., Of Counsel

**Law Offices of Howard E. Greenberg, P.C.**
Attorneys for Defendants Marty Hartmann, Sr. and Marty Hartmann, Jr.
180 East Main Street, Suite 308
Smithtown, NY 11787
    By: Howard E. Greenberg, Esq., Of Counsel

**Arnold & Porter LLP**
Attorneys for Defendant Bank of America, N.A.
399 Park Avenue
New York, NY 10020-4690
    By: Michael D. Schissel, Esq.
       Erik Christopher Walsh, Esq.
       Pamela Addison Miller, Esq., Of Counsel

**SPATT, District Judge**.

Investors in a Ponzi scheme orchestrated by Nicholas Cosmo ("Cosmo") through Agape Merchant Advance LLC, Agape World Bridges, LLC, and Agape World Inc. (collectively "Agape") commenced these two cases, In re Agape Litigation, 09-CV-1606 (the "Class Action Plaintiffs") and Clarke v. Cosmo, 09-CV-1782 (the "Clarke Plaintiffs" and together with the Class Action Plaintiffs "the Plaintiffs"), against various defendants alleged to be complicit in the fraudulent scheme. One of the defendants named in the originally filed first amended complaints ("Initial Complaints") and the second amended complaints ("Second Amended Complaints") in both actions was Bank of America, N.A. ("BOA"). The Plaintiffs contended that BOA aided and abetted Cosmo and Agape in orchestrating the fraud, committing conversion, and breaching their fiduciary duties to investors.

In In re Agape Litigation ("Agape I"), 681 F. Supp. 2d 352 (E.D.N.Y. 2010), this Court dismissed the claims asserted in the Initial Complaints against BOA. However, the Court afforded the Plaintiffs an opportunity to amend their complaints as against BOA with respect to the causes of action for aiding and abetting fraud and aiding and abetting breach of fiduciary duty. In accordance with the Court's rulings in Agape I, the Class Action Plaintiffs and the Clarke Plaintiffs filed the Second Amended Complaints, re-pleading the claims for aiding and abetting fraud and aiding and abetting breach of fiduciary duty, and adding a claim for aiding and abetting conversion.

In In re Agape Litigation ("Agape II"), --- F. Supp. 2d ---, 2011 WL 1136173 (E.D.N.Y. March 29, 2011), the Court dismissed the claims asserted against BOA in the Second Amended Complaints in their entirety, holding that the Plaintiffs had not alleged facts that supported a plausible inference that BOA had actual knowledge of the Ponzi scheme or provided substantial

assistance. Presently before the Court is the Plaintiff's unopposed motion to certify an entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) ("Rule 54(b)").

Where, as here, multiple parties are involved in a case, Rule 54(b) permits a Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In particular, the rule requires that "(1) multiple *claims* or multiple *parties* must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment." Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1091 (2d Cir. 1992) (emphasis in original); see also Info. Res. Inc. v. The Dun and Bradstreet Corp., 294 F.3d 447, 451 (2d Cir. 2002).

The Court is aware that "federal policy generally disfavors 'piecemeal' appellate litigation." Ginett, 962 F.2d at 1093 (quoting Curtiss-Wright Corp. v. Gen. Elec. Corp., 446 U.S. 1, 10, 100 S. Ct. 1460, 1466, 64 L. Ed. 2d 1 (1980)). Nevertheless, the Court finds that entry of final judgment pursuant to Rule 54(b) is appropriate in this case. Although a number of defendants still remain, those defendants are not banks and are not charged with aiding and abetting fraud, conversion, or breach of fiduciary duty. The only issued raised by an appeal pursuant to Rule 54(b) involves the legal sufficiency of the Second Amended Complaints as to BOA, which is unrelated to the legal sufficiency of the claims against the remaining defendants. Furthermore, in the event the Plaintiff's claims against BOA are reinstated by the Second Circuit, "an expensive and duplicative trial could be avoided." Cullen v. Margiotta, 811 F.2d 698, 711 (2d Cir. 1987), overruled on other grounds by Agency Holding Corp. v. Malley-Duff & Assocs, Inc., 483 U.S. 143, 107 S. Ct. 2759, 97 L. Ed. 2d 121 (1987). Insofar as the rulings in Agape I

4

and Agape II disposed of all claims against BOA, and there is no just reason for delay, the Clerk of the Court is directed, pursuant to Rule 54(b), to enter final judgment with respect to BOA in both of the above-captioned cases.

**SO ORDERED**.
Dated: Central Islip, New York
May 19, 2011

                                                             */s/ Arthur D. Spatt*
                                                             ARTHUR D. SPATT
                                               United States District Judge